**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HAROLD STAFFNEY,

Plaintiff,

v.

Case No. 26-cv-11755
Hon. Jonathan J.C. Grey

STEPHEN D. COHLE, et. al.,

Defendants,

________________________________/

**OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS AND DISMISSING PLAINTIFF'S COMPLAINT**

On May 29, 2026, pro se Plaintiff Harold Staffney commenced this action by filing a complaint. Staffney is currently incarcerated at the Richard A. Handlon Correctional Facility in Ionia, Michigan. Upon review of Staffney's case and his litigation history in the federal courts, the Court concludes that his case must be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or

otherwise, to pay a filing fee of $350[.]" *See Owens v. Keeling,* 461 F. 3d 763, 773 (6th Cir. 2006). Staffney failed to provide the $350.00 filing fee, plus a $ 55.00 administrative fee, when he filed his complaint. The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended); *see also In Re Prison Litigation Reform Act,* 105 F.3d 1131, 1138 (6th Cir. 1997). The in forma pauperis statute, 28 U.S.C. § 1915(a), gives prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Boussum v. Washington,* 649 F. Supp. 3d 525, 529 (E.D. Mich. 2023); *reconsideration denied,* 655 F. Supp. 3d 636 (E.D. Mich. 2023). Because Staffney did not submit the necessary filing fee for a civil action, the Court construes his complaint as a request to proceed in forma pauperis. *See Cosgrove v. Osceloa, Cnty. of,* No. 2:25-CV-14067, 2026 WL 126145, at *1 (E.D. Mich. Jan. 16, 2026) (citing *Szymanski v. U.S. Marshall*, No. 14-CV-10305, 2014 WL 1308821, at *1 (E.D. Mich. Mar. 28, 2014)).

The PLRA states that a federal court should dismiss a prisoner's in forma pauperis case if, on three or more previous occasions, a federal

court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See*, 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997). The three strikes provision of the PLRA prohibits a prisoner, who has had three prior suits dismissed for being frivolous, from proceeding in forma pauperis in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *Clemons v. Young,* 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003). A federal district court may sua sponte raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F. Supp. at 539. A federal court is allowed to take judicial notice of an incarcerated plaintiff's prior dismissals for purposes of § 1915(g). *See Taylor v. United States*, 161 F. App'x 483, 485–486 (6th Cir. 2005).

A review of federal court records indicates that Staffney has *at least* five prior civil rights complaints that have been dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See Staffney v. Cohle, et al.*, No. 2:16-cv-131, 2016 WL 3514325 (W.D. Mich. Jun. 28, 2016); *Staffney v. Allen, et*

*al.*, No. 1:97-cv-891 (W.D. Mich. Jun. 18, 1998); *Staffney v. Benson*, 4:96-cv-55 (W.D. Mich. March 12, 1996); *Staffney v. Caruso, et al.*, No. 2:95-cv-98 (W.D. Mich. Mar. 20, 1995); *Staffney v. Glynn*, No. 1:94-cv-56 (W.D. Mich. Feb. 11, 1994).

In addition, Staffney has been denied leave to proceed in forma pauperis under 28 U.S.C. § 1915(g), the "three-strikes" rule, because of these frivolity dismissals. *Staffney v. Cole*, No. 2:22-cv-12820, 2023 WL 113037 (E.D. Mich. Jan. 5, 2023), *appeal dismissed sub nom. Staffney v. Cohle*, No. 23-1149, 2023 WL 9785710 (6th Cir. Sept. 27, 2023); *Staffney v. Unknown Part(y)(ies)*, No. 2:21-CV-43, 2021 WL 972813 (W.D. Mich. Mar. 16, 2021); *Staffney v. Washington, et al.*, No. 2:20-cv-133, 2020 WL 4592776 (W.D. Mich. Aug. 11, 2020); *Staffney v. Palmer, et al.*, No. 1:17-cv-403, 2017 WL 1905865 (W.D. Mich. May 10, 2017); *Staffney v. Lewis,* No. 12-cv-10524, 2012 WL 2501122 (E.D. Mich. Feb. 27, 2012); *Staffney v. Bayne, et al.*, No. 4:04-cv-41 (W.D. Mich. Apr. 12, 2004).

Staffney has not alleged any facts which would establish that he is in imminent danger of serious physical injury, and thus, he does not come within the exception to the mandate of 28 U.S.C. § 1915(g). *Gresham v. Meden*, 938 F.3d 847, 849 (6th Cir. 2019); *Mulazim v. Michigan Dept. of*

*Corrections,* 28 F. App'x 470, 472 (6th Cir. 2002). Staffney challenges the constitutionality of his criminal conviction for first-degree murder and felony-firearm out of the Kent County Circuit Court.[1] Staffney's claim that he was unlawfully convicted does not satisfy the imminent danger exception of the three-strikes rule, as he himself was informed by another judge in this district in a similar lawsuit brought previously by Staffney. *See Staffney v. Col*e, 2023 WL 113037, at *2. Other courts have also rejected the idea that a prisoner's claim that he was unlawfully convicted satisfies the imminent danger exception. *See e.g., LeBlanc v. Kalamazoo Police Dep't*, No. 1:17-CV-999, 2017 WL 6379659, at *2 (W.D. Mich. Dec. 14, 2017). Staffney's challenges to the validity of his criminal conviction "do not raise the danger of physical harm" so as to come within the imminent danger exception for § 1915(g). *Staffney v. Cole*, No. 2023 WL 113037, at *2 (quoting *Childress v. Quisenberry*, 2:11–CV–12096, 2011

[1] Staffney has also previously challenged his conviction in a habeas petition, which was dismissed based on Staffney's failure to comply with the one-year statute of limitations contained in 28 U.S.C. § 2244(d). *See Staffney v. Berghuis*, No. 4:03–CV–106 (W.D. Mich. Aug. 20, 2003); *appeal dism*. No. 03-2187 (6th Cir. Mar. 8, 2004); *cert. den.* 543 U.S. 841 (2004); *reh. den.* 543 U.S. 1016 (2004). The Sixth Circuit has since denied Staffney six times permission to file a second or successive habeas petition. *See In Re Staffney*, No. 07–2087 (6th Cir. April 15, 2008); *In Re Staffney*, No. 14–1066 (6th Cir. August 29, 2014); *In Re Staffney,* No. 18-1130 (6th Cir. May 23, 2018); *In Re Staffney,* No. 19-1333 (6th Cir. Jan. 8, 2020); *In Re Staffney,* No. 19-1359 (6th Cir. Jan. 8, 2020); *In Re Staffney,* No. 21-1013 (6th Cir. Aug. 2, 2021).

WL 5166433, *2 (E.D. Mich. Oct. 31, 2011)). The imminent danger exception to the "three strikes" provision of § 1915(g) requires that the imminent danger be contemporaneous with the complaint's filing. *See Vandiver v. Vasbinder,* 416 F. App'x 560, 562 (6th Cir. 2011). Staffney's allegations fail to show that there is any imminent danger of death or serious physical injury that is contemporaneous with the filing of this complaint.

Staffney's civil rights complaint is subject to dismissal pursuant to § 1915(g). Staffney, may, however, resume any of the claims dismissed under § 1915(g) in the proper district if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. *Witzke,* 966 F. Supp. at 540.[2]

Since Staffney has three prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, § 1915(g) bars him from appealing in forma pauperis. *See Drummer v. Luttrell*, 75 F. Supp. 2d

---

[2] Staffney previously brought an almost identical lawsuit against most, if not all, of these defendants in this district and before this Court. This Court transferred the case to the United States District Court for the Western District of Michigan because venue for Staffney's lawsuit was in that district, and not in the Eastern District of Michigan. *See Staffney v. Washington, et. al.,* No. 24-cv-11678 (E.D. Mich. Oct. 22, 2024). The Western District of Michigan dismissed that case because Staffney never submitted an application to proceed *in forma pauperis*. *See Staffney v. Washington, et. al.,* No. 1:24-cv-01107 (W.D. Mich. July 3, 2025); *aff'd,* No. 25-1644 (6th Cir. Nov. 21, 2025).

796, 805–806 (W.D. Tenn. 1999); *White v. Sturm*, 737 F. Supp. 3d 576, 579 (E.D. Mich. 2024). The Court therefore will not certify that any appeal from this dismissal would be in good faith.

Accordingly, **IT IS HEREBY ORDERED** that Staffney's in forma pauperis status is **DENIED** and the complaint (ECF No. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED AND CERTIFIED** that any appeal taken by Staffney would not be done in good faith.

**SO ORDERED.**

s/ Jonathan J.C. Grey
Hon. Jonathan J.C. Grey
United States District Judge

Date: August 5, 2026

**<u>Certificate of Service</u>**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 5, 2026.

**<u>s/ S. Osorio</u>**
Sandra Osorio
Case Manager